UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CESAR EUTEMIO CANTU,

        Petitioner,

v.                                                               ACTION NO. 2:22cv517

D. LEU, Warden,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter is before the Court on a petition for a writ of habeas corpus under 28 U.S.C. § 2241, filed by petitioner Cesar Eutemio Cantu ("Cantu"), and respondent's motion to dismiss for lack of subject-matter jurisdiction. ECF Nos. 1, 11. For the reasons stated herein, and pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(b) of the Federal Rules of Civil Procedure, and Local Civil Rule 72, it is hereby **RECOMMENDED** that respondent's motion to dismiss the petition (ECF No. 11) be **GRANTED**, and the petition for a writ of habeas corpus (ECF No. 1) be **DENIED** and **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

        **I.**        **STATEMENT OF THE CASE**

The Court received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241. ECF No. 1. Cantu, a federal inmate convicted in the United States District Court for the Southern District of Texas, and housed at FCI Petersburg Low, challenges his criminal conviction under the First Step Act of 2018. *See* First Step Act of 2018, Pub. L. No.

115-391, § 401, 132 Stat. 5194 (2018); *see also* ECF No. 1. Cantu brings this petition under the savings clause of 28 U.S.C. § 2255(e), challenging the validity of the conviction and sentence imposed. ECF No. 1, at 2. In March 2023, the Court granted respondent's motion to stay the proceedings pending the Supreme Court's decision in *Jones v. Hendrix*, 143 S. Ct. 1857 (2023). ECF No. 9.

A. **Cantu's guilty plea in the Southern District of Texas and section 2255 motions.**

Cantu pled guilty to conspiracy to possess with intent to distribute in excess of 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A), and 846. *United States v. Cantu*, No. 5:09-cr-02803-1 (S.D. Tex. Feb. 2, 2012), ECF Nos. 143, 308 (hereinafter "S.D. Tex. Cantu"). Pursuant to the plea agreement, Cantu agreed to waive his right to appeal the conviction, the sentence imposed, and the manner in which the sentence was determined. *Id.*, ECF No. 143, at 5. Cantu was convicted and sentenced to 240 months of federal imprisonment. *Id.*, ECF No. 308.

Cantu filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255 in the Southern District of Texas on the grounds that he was denied effective assistance of counsel and was sentenced based on inaccurate information. *Id.*, ECF No. 334. The court denied the motion to vacate, explaining that the plea agreement Cantu signed contained a waiver of his right to seek relief under section 2255. *Id.*, ECF No. 365. Cantu appealed the decision to the Court of Appeals for the Fifth Circuit, but the court dismissed the appeal for failing to timely pay the filing fee. *United States v. Cantu*, No. 13-40323 (5th Cir. Apr. 19, 2013), ECF No. 6-1.

In 2016, Cantu filed a second section 2255 motion, claiming that his conviction for violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) was unconstitutional under *Johnson v. United*

*States*, 135 S. Ct. 2551 (2015).[1] *S.D. Tex. Cantu*, ECF No. 403, at 4. The motion was transferred to the Fifth Circuit for a determination as to whether Cantu should be granted leave to proceed with his successive section 2255 motion. ECF No. 405. The Fifth Circuit denied the motion, finding that the decision in *Johnson* does not provide a basis for relief, since Cantu's sentence was enhanced pursuant to 21 U.S.C. § 851 and not under the Armed Career Criminal Act described in *Johnson*. *See In re Cantu*, No. 16-40949 (5th Cir. Oct. 26, 2016), ECF No. 27-1.

In 2017, Cantu's motion for authorization to file a successive section 2255 motion in the Fifth Circuit, once again challenging his 2010 conviction and sentence was denied. *In re Cantu*, No. 17-40156 (5th Cir. Apr. 18, 2017). The Fifth Circuit explained that Cantu failed to make a prima facie showing that his proffered section 2255 motion relied on either (1) newly discovered evidence that would sufficiently establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty, or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.*

B.  **Cantu's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.**

In December 2022, Cantu filed his pending petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Eastern District of Virginia. ECF No. 1. Invoking the savings clause provision in section 2255(e), Cantu argues that he is eligible for habeas corpus relief under the First Step Act of 2018. ECF No. 1, at 10. The Court granted respondent's motion to stay the case, pending the Supreme Court's decision in *Jones v. Hendrix*, 143 S. Ct. 1857 (2023). ECF

---

[1] In *Johnson v. United States*, the Supreme Court held that, "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." 135 S. Ct. at 2563.

3

Nos. 8, 9. On July 14, 2023, Respondent filed a motion to dismiss for lack of subject matter jurisdiction, invoking the new ruling in *Jones*. ECF No. 11.

The petition and motion to dismiss are now ripe for decision.

## II. <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

Cantu's petition challenges the lawfulness of his conviction and sentence in the Southern District of Texas. The proper mechanism for raising such a challenge is a motion pursuant to 28 U.S.C. § 2255. Congress generally barred federal prisoners "authorized" to file a section 2255 motion from filing a petition under section 2241. *Jones v. Hendrix*, 143 S. Ct. at 1866. However, the section 2255(e) "savings clause" preserves access to section 2241 in cases where section 2255 is "inadequate or ineffective to test the legality of [a prisoner's] detention."[2] *See* 28 U.S.C. 2255(e); *see also Jones*, 143 S.Ct. at 1866.

The Antiterrorism and Effective Death Penalty of 1996 ("AEDPA") bars second or successive section 2255 motions unless based on either "newly discovered evidence," or a "new rule of constitutional law." *See* 28 U.S.C. § 2255(h). The Supreme Court recently reinforced that the purpose of the savings clause is to preserve recourse to section 2241 in cases where unusual circumstances make it "impossible or impracticable" to seek relief in the sentencing court, such as following the dissolution of the sentencing court. *Jones*, 143 S.Ct at 1866. A successive or second section 2255 motion may proceed if—and only if—the petitioner satisfies one of the section 2255(h) conditions. *See id.* at 1868.

---

[2] Title 28 of the United States Code, section 2255(e) provides:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

4

Cantu fails to establish that he is entitled to section 2241 relief. Cantu filed two previous section 2255 motions in the Southern District of Texas, so a successive filing in this Court requires him to satisfy one of the section 2255(h) conditions. *See id.* Cantu cannot satisfy the section 2255(h) conditions because he does not claim that there exists newly discovered evidence or a new rule of constitutional law. *See* 28 U.S.C. § 2255(h). Rather, Cantu argues that section 401 of the First Step Act of 2018 changed substantive law and was deemed to apply retroactively on collateral review. ECF No. 1, at 11. Section 401 does, in fact, reduce the maximum sentence for prior drug felonies under 21 U.S.C § 841 from twenty years to fifteen years. *See* First Step Act of 2018, Pub. L. No. 115-391, § 401, 132 Stat. 5194 (2018). However, this change does not qualify as a new rule of constitutional law as required by the statute. 28 U.S.C. § 2255(h)(2). Therefore, Cantu fails to satisfy section 2255(h), since he neither advanced new evidence proving his innocence nor showed that section 401 constitutes a new rule of constitutional law.

Due to Cantu's failure to satisfy either of the section 2255 conditions, the Court lacks jurisdiction over his section 2241 petition, and the petition is subject to dismissal without prejudice. *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for lack of standing—or any other defect in subject matter jurisdiction—must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.").

### III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that respondent's motion to dismiss the petition (ECF No. 11) be **GRANTED** and the petition for a writ of habeas corpus (ECF No. 1) be **DENIED** and **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

## IV.  REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail.  A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
October 19, 2023